BELMONT LAND ASSOCIATION OF THE BOROUGH OF GAR-
FIELD, PROSECUTOR, v. THE MAYOR AND COUNCIL
OF THE BOROUGH OF GARFIELD, RESPONDENT.

Submitted July 5, 1917—Decided September 17, 1917.

1. Under the General Borough act an assessment for the cost of
   sidewalks is to be made by resolution of the common council, on
   the lands fronting on the street along which the sidewalks are
   laid, and not by commissioners of assessment appointed to deter-
   mine the damages and benefits arising from the improvement of
   public streets.
2. Commissioners of assessment in considering the benefits to be
   assessed against the landowner, for the grading and improvement
   of a public street in a borough, are required to consider and re-
   port the damages which a landowner may suffer because of the
   improvement as well as benefits which may accrue therefrom.
3. Every ordinance for making street improvements must be pre-
   ceded by the petition required under section 53 of the Borough
   act. *Comp. Stat., p.* 260.

On rule to show cause why a writ of *certiorari* should not
be allowed.

Before Justices SWAYZE, BERGEN and BLACK.

For the prosecutor, *Addison Ely.*

For the respondent, *Joseph Lefferts.*

The opinion of the court was delivered by

BERGEN, J. The prosecutor holds a rule to show cause why
a writ of *certiorari* should not be allowed to review two ordi-
nances adopted by the respondent and all proceedings there-
under, including the report of the assessment against the
prosecutor for benefits, and the order of the respondent con-
firming the same, relating to the improvement of Dewey
street, in the borough of Garfield, between Palisade avenue
and Chestnut street. The improvements were made under
separate ordinances, one providing for the grading of the

street and the construction of a cement gutter and curb on each side of the street, and the other for the construction of a cement sidewalk on both sides of Dewey street between the same points. The entire work was let under one contract, and benefits assessed in a single report. The proceedings are so replete with errors from start to finish that the respondent does not undertake to justify them prior to the assessment report, but relies upon section 92 of the Borough act (*Comp. Stat.*, p. 275), which provides that no *certiorari* shall be allowed to set aside an ordinance for any improvement after a contract therefore shall have been awarded, nor to review any assessment after thirty days shall have elapsed from its confirmation.

This testimony shows that the requisite number of resident freeholders did not sign the petition for the improvement, the statute providing that such an ordinance shall be preceded by an application in writing for the improvement, signed by at least ten freeholders of the borough residing therein; that no such notice as the law requires relating to the sidewalk ordinance was given the landowner, nor was he afforded an opportunity to do the work if he desired; that the advertisement for bidders for the contract was not published in Bergen county, where the improvement was to be made, but in newspapers in Passaic county; that the minutes of the council do not show that the ordinances were adopted by a majority vote, and that the defendant had no actual notice of the proceedings until after the work was finished. Whether under these circumstances the statutory limitations upon the power of this court to exercise the right to issue its prerogative writ is reasonable, it is not necessary to determine, for this matter can be disposed of on other grounds, in the consideration of which we assume that the ordinances are non-assailable, leaving that question open to the prosecutor on final hearing.

As to the sidewalk assessment we think the writ should go because for want of proper notice to the prosecutor, no assessment can lawfully be laid against it in the present proceedings. Section 50 of the Borough act (*Comp. Stat.*, p. 258) provides that any ordinance providing for the construc-

tion of sidewalks "shall provide for allowing the owner or owners of the land in front of which said sidewalks may be so constructed * * * at least thirty days' time in which to do the work required thereby, and that written notice of the required work be sent to such owner by mail, if their post-office address be known; if not known, then by posting such notice on the premises affected thereby," or by personal service if the owner be a resident. No such notice was given in either of the methods prescribed by the statute, and the ordinance does not make the provision the statute requires. The next section of the act—section 51—provides that if the owner shall fail to do the work within the thirty days, the municipality may do it and assess the cost, by resolution, upon the property and certify the same to the borough clerk who shall deliver it to the borough collector, and he shall enter it in a book to be called "Sidewalk Assessments," from which time it shall become a lien upon the premises. It thus appears that the commissioners of assessment have no authority to assess for the cost of sidewalks, the entire cost of which is to be assessed by the common council on the property along which it is laid, and it is distinct from the grading of the street for the reception of the sidewalk, the question of damages and benefits from change of grade being adjusted in proceedings relating to the establishment and resultant improvement of the grade of the street. Under the statute the borough has no power to deprive the landowner of his right to make the required improvement, nor had the commissioners of assessment any authority to make the assessment for the cost of the sidewalk, for the legislature has provided another method.

We are also of opinion that prosecutor is entitled to a writ to review the assessment for grading. The grading required a cut in front of prosecutor's property which placed the level of its property at one point seven feet above the street, and the testimony tends to show that this was a damage, yet the commissioners, apparently, did not take into account the question of damages. In addition to this, the testimony shows that there is some ground for prosecutor's complaint that it

was improperly assessed because of the elevation of its land, and that it was unfair to put the greater part of the cost of the grading on the lands along Dewey street immediately in front of the improvement, while the entire street was benefited by the change of the grade. It also appears that the assessment includes the cost of the sidewalk, and that in ascertaining the cost of the improvement upon which the assessment was based, no distinction was made between the different items of cost.

We think the applicant for this writ has presented a sufficiently debatable question to justify the allowance of the writ, and in view of the want of a required petition before the ordinance was adopted, which seems to be necessary to give the common council jurisdiction to pass the ordinances, we think the writs should extend to a review of the legality of the ordinances.

This is a proceeding to take prosecutor's property, for money is property, against its consent, by means of a void ordinance adopted without observing one of the conditions of the delegated power, and the legislature never intended to put such *ultra vires* action beyond the power of this court to review, simply because a contract has been awarded based upon it, and if it did, then a constitutional question is presented of sufficient importance to warrant solemn argument.

The ordinance must be one which the council had the power to adopt if the bar of the statute is to operate, and where the council fails to pursue the provisions of the legislative delegation of power and acts without jurisdiction, it is beyond the power of the lawmaker to arrest the power of review by *certiorari. Traphagen* v. *West Hoboken,* 39 *N. J. L.* 232.

The only other point raised by the defendant is, that under the statute no *certiorari* shall be allowed to review an assessment for a street improvement after thirty days shall have elapsed from the date of the confirmation. The prosecutor had no notice of the improvement until after it was completed, and its first notice was information of a meeting of the commissioners of assessment whose report was confirmed November 14th, 1916, and on December 12th, 1916, within

thirty days after the confirmation, it applied for a writ of *certiorari* and was allowed this rule to show cause. This we deem sufficient.

The prosecutor will be allowed writs of *certiorari* to review both ordinances, and all proceedings thereunder, including the assessments, based thereon.